JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| INMATE # BD5474 | CASE NUMBER |
|---|---|
| Eric Chatman, | CV 18-06347-PA (RAO) |
| PLAINTIFF(S) | |
| v. | |
| Citibank, et al., | **ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES** |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is hereby GRANTED.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

_____
Date

_____
United States Magistrate Judge

---

**IT IS RECOMMENDED** that the Request to Proceed Without Prepayment of Filing Fees be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency.
- ☐ Failure to authorize disbursements from prison trust account to pay the filing fees.
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ District Court lacks jurisdiction.
- ☒ Other  Barred by PLRA Three Strikes Provision

- ☒ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
- ☐ Seeks monetary relief from a defendant immune from such relief.
- ☒ Leave to amend would be futile.
- ☒ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:
See attached statement of decision.

July 26, 2018
Date

*Rozella A. Oliver*
United States Magistrate Judge

---

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is:

- ☐ **GRANTED. IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

- ☐ **DENIED.** Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

- ☒ **DENIED,** and this case is hereby DISMISSED immediately.

- ☐ **DENIED, with leave to amend within 30 days.** Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number. If plaintiff fails to submit the required documents within 30 days, this case shall be DISMISSED.

July 30, 2018
Date

_____
United States District Judge

CV-73P (08/16)    **ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES**

2:18-cv-06347-PA-RAO
*Eric Chatman v. Citibank, et al.*

On May 29, 2018, Plaintiff Eric Chatman ("Plaintiff") filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 in the Northern District of California. (Compl., Dkt. No. 1.) Plaintiff also filed a Request to Proceed Without Prepayment of Filing Fees ("IFP Request"). (Dkt. No. 2.) The action was transferred to the Central District of California on July 19, 2018. (*See* Dkt. No. 10.)

Plaintiff sues Citibank Corporation. (Compl. at 3.) Plaintiff asserts that he went to a Citibank branch to open an account and gave them identification that he had made himself. (*Id.* at 3.) Plaintiff also states that he "know[s] you can't make fake ID." (*Id.*) Plaintiff alleges that the bank employees improperly called the police because Plaintiff "[has] no warrants and [he] stay[s] out of trouble." (*Id.*) Plaintiff contends that he "tried to help [the] bank out" by opening an account, but the employee thought that Plaintiff had given him a false name. (*Id.*)

Plaintiff may not pursue a Section 1983 claim against Citibank because the entity is a private party and Plaintiff does not plead facts demonstrating that it acted under the color of state or federal law. *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (private parties do not generally act under color of state law for Section 1983 purposes); *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (a Section 1983 action can lie against a private party if the party is alleged to be a willful participant in joint action with the state or its agents). The Court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable civil rights claim against a state or federal actor. Thus, amendment of the complaint would be futile. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Moreover, Plaintiff's IFP Request should be denied pursuant to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(g). Plaintiff, while incarcerated, has brought at least three prior civil actions which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. At least three actions were dismissed for failure to state a claim because, *inter alia*, Plaintiff did not bring suit against a government actor. *See, e.g., Chatman v. Toyota of Escondido, et al.*, Case No. 3:17-cv-01853-BAS-JLB (S.D. Cal., filed Sep. 7, 2017); *Chatman v. Cush Acura, et al.*, Case No. 3:17-cv-01852-WQH-JLB (S.D. Cal., filed Sep. 7, 2017); *Chatman v. Super 8 Motel, et al.*, Case No. 3:17-cv-02517-DMS-JMA (S.D. Cal., filed Dec. 11, 2018). At least two actions have been dismissed as frivolous for being duplicative of previously-filed civil actions. *See, e.g., Chatman v. Toyota of Escondido et al.*, Case No. 3:17-cv-2569-GPC-KSC (S.D. Cal, filed Dec. 26, 2017); *Chatman v. Super 8 Motel Co., et al.*, Case No. 3:18-cv-00213-BAS-NLS (S.D. Cal., filed Jan. 26, 2018). Plaintiff fails to make a plausible allegation that he faces imminent danger of serious physical injury. Thus, he may not proceed *in forma pauperis* under 28 U.S.C. § 1915.

For the reasons set forth above, the Court recommends that **Plaintiff's IFP Request be denied and the action be dismissed without leave to amend**.